# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JENNIFER BADOWSKI, | ) |
|  | ) CIVIL ACTION NO.: _____ |
| Plaintiff, | ) |
|  | ) |
| vs. | ) JURY TRIAL DEMANDED |
|  | ) |
| PJD ENTERTAINMENT, INC. | ) |
| d/b/a/ SAVANNAH'S ON HANNA | ) |
|  | ) *ELECTRONICALLY FILED* |
| Defendant. | ) |

## COMPLAINT

Plaintiff, JENNIFER BADOWSKI, a resident of Ocean County, New Jersey, by and through her attorneys, brings this civil action for damages against the above named Defendant, PJD ENTERTAINMENT, INC., d/b/a/ SAVANNAH'S ON HANNA, demands a trial by jury, and complains and alleges as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of the claims set forth in this Complaint is proper in this judicial district pursuant to the Pregnancy Discrimination Act of 1978, 42 U.S.C. §2000e *et seq.*(the "PDA"), and 28 U.S.C. §§1331, 1343 and 1367, as well as pendent state law claims arising under the provisions of the laws of this Commonwealth, to wit, the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq*. (hereinafter referred to as the "PHRA").

2. Declaratory relief is sought pursuant to 28 U.S.C. §§ 2201 and 2202.

3. This Honorable Court has jurisdiction to hear Plaintiff's pendent state law claim pursuant to 28 C.F.R. 1367.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to these claims occurred in this judicial district.

## THE PARTIES

5. Plaintiff, Jennifer Badowski, is an adult individual residing at 305 Bent Trail, Toms River, Ocean County, New Jersey.

6. Defendant, PJD Entertainment, Inc., d/b/a/ Savannah's on Hanna ("Savannah's"), is a Pennsylvania corporation with a registered office address of 445 South Cameron Street, Harrisburg, Dauphin County, Pennsylvania.

7. At all times relevant and material hereto, Plaintiff resided at 432 Walnut Street, Harrisburg, Dauphin County, Pennsylvania.

8. At all times relevant and material hereto, Savannah's operated a business location at 1000 Hanna Street, Harrisburg, Dauphin County, Pennsylvania, providing adult entertainment to the public, and was an employer as defined by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*.

## ADMINISTRATIVE PROCEEDINGS

9. On or about November 20, 2013, Ms. Badowski filed a Complaint with the Equal Employment Opportunity Commission ("EEOC"), which was docketed as Case No. 530-2014-00973. The EEOC referred the matter to the Pennsylvania Human Relations Commission ("PHRC") for the purposes of dual filing, and the PHRC docketed Ms. Badowski's claim as case number 201401857.

10. Ms. Badowski has been advised of her right to sue in federal court, which notice was issued by the EEOC on or about December 3, 2014.

11. All necessary and appropriate administrative prerequisites to this action have occurred.

## STATEMENT OF FACTS

11. On or about July 30, 2013, Plaintiff was hired by Savannah's as a manager.

12. Upon hiring Plaintiff, Savannah's General Manager, Jonas Heir, was put on notice that Plaintiff required Saturday, September 7, 2013, as a day off work for a private matter.

13. Prior to September 3, 2013, neither Mr. Heir nor any of Savannah's other management personnel informed Plaintiff that her request was a problem or that she would have to work on September 7, 2013.

14. Shortly before September 3, 2013, Plaintiff informed Mr. Heir that she had just learned that she had become pregnant.

15. On or about September 3, 2013, Mr. Heir terminated Plaintiff and informed her it was because she had previously scheduled September 7, 2013, as a day off work for a private matter.

16. Mr. Heir subsequently explained to Plaintiff, for the first time, that all Savannah's managers, including Plaintiff, were required to work the weekend, including September 7, 2013, on account of it being Savannah's four (4) year anniversary.

17. On or about September 6, 2013, Plaintiff visited Savannah's to pick up her final paycheck, and to inform Mr. Heir that she had a meeting with her legal counsel later that afternoon to discuss pregnancy discrimination and the circumstances surrounding her termination, whereupon Mr. Heir responded by offering to restore Plaintiff to her position if she agreed to work on September 7, 2013.

18. Plaintiff met with her attorney that afternoon to discuss Mr. Heir's proposal, and soon thereafter contacted Mr. Heir later that afternoon to accept the offer of reinstatement to her former position.

19. Mr. Heir immediately replied via text message that his offer to reinstate Plaintiff had been valid only while she was in the office with him, and that the offer had now been rescinded since she had left the office.

20. As a result of the forgoing, Savannah's discriminated against Plaintiff because of her pregnancy, and then subsequently retaliated against her after learning that she had consulted with her attorney to discuss her pregnancy discrimination, all in violation of Plaintiff's rights under the PDA and the Pennsylvania Human Relations Act ("PHRA"), 42 P.S. §951, *et, seq.*

## COUNT I

### TITLE VII
### Pregnancy Discrimination Act - Discrimination

21. Paragraphs 1 through 20 above are incorporated herein by reference as if more fully set forth at length.

22. Title VII of the Civil Rights Act of 1964 prohibits employment discrimination based upon an individual employee's sex. 42 U.S.C. §2000e-2(a).

23. The PDA, amended Title VII to state that:

> The terms "because of sex" or "on the basis of sex" include but are not limited to, because of or on the basis of pregnancy, childbirth, or related medical conditions; and women affected by pregnancy, childbirth, or related medical conditions shall be treated the same for all employment-related purposes, including receipt of benefits under fringe benefit programs, as other persons not so affected but similar in the ability or inability to work . . . .

42 U.S.C. §2000e(k).

24. Plaintiff is within the protected class of individuals as designated by the PDA.

25. Plaintiff was terminated by Savannah's solely as a result of her pregnancy.

26. As a direct and proximate result of the conduct of Savannah's in violating the PDA in discriminating against Plaintiff on the basis of her pregnancy, Plaintiff has been permanently and irreparably harmed and damaged and has and will continue to lose benefits of employment such as lost earnings, lost employment benefits, and non-economic damages in the form of embarrassment and humiliation.

WHEREFORE, Plaintiff, Jennifer Badowski, requests that this Honorable Court declare the conduct engaged in by Defendant, PJD Entertainment, Inc., d/b/a/ Savannah's on Hanna, to be in violation of her rights under the Pregnancy Discrimination Act of 1978 and award all compensatory damages, lost wages (and raises) and benefits, front pay and back pay, lost future earning capacity, liquidated damages for intentional, willful, malicious, reckless, outrageous conduct, damages for emotional distress, punitive damages, reasonable attorneys fees and costs incurred herein and any rep and/or post judgment interest on all money awarded in damages for delay.

## COUNT II

### TITLE VII
### PDA - Retaliation

27. The averments in paragraphs 1 through 26 are incorporated by reference as though fully set forth herein.

28. Savannah's violated the PDA by retaliating against Plaintiff by rescinding an offer to restore Plaintiff to her position after she sought legal counsel with regard to pregnancy discrimination and the circumstances surrounding her termination.

29. As a direct and proximate result of the conduct of Savannah's in violating the PDA by retaliating against Plaintiff, Plaintiff has been permanently and irreparably harmed and damaged and has and will continue to lose benefits of employment such as lost earnings, lost employment benefits, and non-economic damages in the form of embarrassment and humiliation.

WHEREFORE, Plaintiff, Jennifer Badowski, requests that this Honorable Court declare the conduct engaged in by Defendant, PJD Entertainment, Inc., d/b/a/ Savannah's on Hanna, to be in violation of her rights under the Pregnancy Discrimination Act of 1978 and award all compensatory damages, lost wages (and raises) and benefits, front pay and back pay, lost future earning capacity, liquidated damages for intentional, willful, malicious, reckless, outrageous conduct, damages for emotional distress, punitive damages, reasonable attorneys fees and costs

incurred herein and any rep and/or post judgment interest on all money awarded in damages for delay.

## COUNT III

## PHRA Violations

30.   Paragraphs 1 through 29 above are incorporated herein by reference as if more fully set forth at length.

31.   This is an action arising under the provisions of the PHRA and this Court has, and should exercise, pendant jurisdiction over the same because the cause of action complained of in this Count II arises out of the same facts, events and circumstances as Count I, and therefore judicial economy and fairness to the parties dictates that this Count be brought in the same Complaint.

32.   By discriminating against Plaintiff on the basis of her pregnancy, Savannah's violated Ms. Plaintiff's state rights under the PHRA, which prohibits discrimination and harassment based upon pregnancy with respect to the continuation and tenure of employment.

33.   As more fully set forth in Counts I and II, Plaintiff has suffered directly and solely as a result of Savannah's action great pecuniary loss, damage and harm.

WHEREFORE, Plaintiff, Jennifer Badowski, requests this Honorable Court enter judgment in her favor and against Defendant, PJD Entertainment, Inc., d/b/a/ Savannah's on Hanna, for all of the relief sought in Count I, *supra*, and such other and further relief provided by the PHRA, together with an award of attorneys' fees and costs of suit.

## DEMAND FOR JURY

Pursuant to Federal Rule of Civil Procedure 38(b) and otherwise, Plaintiff respectfully demands a trial by jury.

Respectfully submitted,

McCarthy Weisberg Cummings, P.C.

January 28, 2015           /s/ Derrek W. Cummings
Date                       Derrek W. Cummings, Esquire
                           PA Bar I.D. #: PA83286
                           dcummings@mwcfirm.com

                           Larry A. Weisberg, Esquire
                           PA Bar I.D. #: PA83410
                           lweisberg@mwcfirm.com

                           2041 Herr Street
                           Harrisburg, PA 17103-1624
                           (717) 238-5707
                           (717) 233-8133 (FAX)

                           *Attorneys for Plaintiff*